Hat, Judge,
delivered the opinion of the court:
This is a suit brought by the plaintiff against the United States to recover the sum of $40,900.25, which the plaintiff alleges is due him by reason of the fact that under a contract with the United States he dredged 276,354 cubic yards of material for which he has not been paid. The defendants contend that under the provisions of the contract they were not obliged to pay for any material dredged fr&m a depth below 22 feet, and that the 276,354 cubic yards for which payment is demanded were dredged from that depth.
The contract provides:
“ The contractor will be required to remove any lumps or ridges left during the work. If it be found that any material has been dredged from a depth more than one (1) foot below the required depth of 21 feet a mean low water, or from any point outside the limits given for work, or if any material is not deposited in accordance with the requirements, the estimated amount of such material shall be deducted from the amount excavated before acceptance of the work.” Paragraph 43 of the specifications.
The contract also provides that “ payments will be based upon the assistant engineer or inspector’s estimates of the amount of material removed and deposited, deducting all amounts forfeited under paragraph 43.”
The evidence clearly shows that the defendants observed strictly the provisions of the contract and that the amount of material deducted from what was excavated below the depth fixed in the contract was ascertained by the method generally in use for ascertaining such facts.
The plaintiff has failed to show that the estimates made by the defendants were erroneous, or that the defendants have deducted from the material dredged a larger amount for overdepth dredging than they should have done.
Moreover the contract provides: “ The decision of the engineer officer in charge as to quality and quantity shall be final.” In the absence of fraud or such gross error as implies bad faith, or a failure to exercise an honest judgment, the decision of the officer in this case must be treated as final, and the court will not review that decision. Brinck v. United *349 States, 53 C. Cls. 170, 176, and cases there cited. There is no evidence in this case that the officer was either guilty of fraud or gross error, or that he failed to exercise an honest judgment in the premises.
The plaintiff is entitled to recover the $1,702.21 which the defendants tendered him when the final settlement was made, but which he at that time refused to receive.
Judgment for $1,702.21 will be rendered in favor of the plaintiff against the United States, and it is so'ordered.
Gkaham, Judge; DowNet, Judge; Booth, Judge; and Campbell, Chief Justice, concur.